UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| TRANSWESTERN PIPELINE COMPANY, LLC, | )<br>)<br>) |
| Plaintiff, | ) 2:07-cv-02294 JWS<br>) |
| vs. | ) ORDER AND OPINION<br>) |
| 3.42 ACRES, MORE OR LESS, OF PERMANENT EASEMENT LOCATED IN MARICOPA COUNTRY, *et al.*, | ) [Re: Motion at Docket 148]<br>)<br>)<br>) |
| Defendants. | )<br>) |

## I. MOTION PRESENTED

At docket 148, plaintiff Transwestern Pipeline Company, LLC ("Transwestern") requests an order precluding defendants' proffered expert, H. Pike Oliver, from testifying or offering his expert report regarding severance damages. At docket 152, defendants Vanderbilt Farms, LLC; Kevin P., LLC; ABCDW Trust; Irvine Land Partners, LLC; and ERM, LLC ("defendants") oppose the motion. Transwestern replied, and defendants filed a sur-reply at dockets 160 and 166, respectively. Oral argument was requested, but it would not assist the court.

## II. BACKGROUND

This action involves Transwestern's condemnation of property for an easement transecting an 80-acre parcel of property located in Maricopa County, Arizona, for the purpose of constructing the approximately 260-mile expansion of Transwestern's existing interstate natural gas pipeline in accordance with a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") on November 15, 2007.[1] The parties refer to the subject property, which is currently undeveloped farmland, as the Enterprise Ranch parcel or Parcel MA 368.

By order dated June 19, 2008, the court granted the parties' stipulation allowing Transwestern's immediate entry and possession of a 50-foot-wide permanent easement, temporary workspace, and temporary access roadway, which transects the 80-acre parcel. The remaining issues in this condemnation action involve determining the fair market value of the 50-foot-wide easement, and the existence and amount of severance damages to the remaining property. In its briefing, Transwestern defined "severance damages" as "any decrease in market value to the unencumbered portion of the parcel located outside of the permanent easement taken by Transwestern, arising from the taking of the easement."[2]

Defendants proffered the expert report and testimony of H. Pike Oliver on the issue of severance damages. Oliver, who is currently a Senior Lecturer for Cornell University's Program in Real Estate, states that the conclusions in his expert report are

---

[1] Doc. 69.

[2] Doc. 148 at p. 2.

based on his "long-standing experience and background in urban planning and land development" and on his review of a 2004 Transportation Research Board report, a report concerning the "Potential Risks to the Agua Fria Development from the Proposed Transwestern Natural Gas Transmission Pipeline Maricopa County, Arizona" prepared in December 2008 by LFR, Inc., and two engineering reports prepared for the Town of Buckeye. Based on his review of these reports, Oliver concludes that a "525 foot setback is the likely minimum that will ultimately be established for areas where structures have yet to be constructed, which is the situation with respect to the Enterprise Ranch property." Oliver further opines, "Based on this 525 foot setback standard, it is apparent that so much of the approximately eighty acres in the vicinity of Parcel MA 368 would be encumbered by the pipeline easement and the setback that development of this property would be infeasible."[3]

### III. DISCUSSION

"Federal Rule of Evidence 702 allows admission of 'scientific, technical, or other specialized knowledge' by a qualified expert if it will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'"[4] "Rule 702 requires that a testifying expert be 'qualified as an expert by knowledge, skill, experience, training, or education.'"[5] Expert testimony is admissible under Rule 702 if it is both relevant and

---

[3] Doc. 148-1 at p. 6.

[4] *Esayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002) (quoting Fed. R. Evid. 702).

[5] *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004 (quoting Fed. R. Evid. 702)).

reliable.[6]  "The trial court must act as a 'gatekeeper' to exclude 'junk science' that does not meet Rule 702's reliability standards by making a preliminary determination that the expert's testimony is reliable."[7]

Transwestern first argues that Oliver's testimony is inadmissible under Rule 702 because Oliver is not qualified to express an expert opinion as to the appropriate setback from a pipeline or the effects of a setback on market value.  Defendants argue that Oliver's "background and experience as an urban planner who has worked for both governmental entities and later in private development of master planned communities particularly qualified him to provide such opinions."[8]

While "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience," the advisory committee notes emphasize that "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."[9]  Here, while Oliver purports to rely on his experience in urban planning and land development, Oliver has failed to explain how that experience leads to the opinion that a 525-foot setback will be imposed on the Transwestern pipeline and that such a setback will render development of Parcel MA 368 "infeasible," why his experience in urban planning

---

[6]*Daubert v. Merrell Dow Phars., Inc.*, 509 U.S. 579, 589 (1993).

[7]*Mukhtar*, 299 F.3d at 1063 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999)).

[8]Doc. 152 at p. 10.

[9]Fed. R. Evid. 702 advisory committee's note.

and land development is a sufficient basis for his opinion, and how his experience is reliably applied to the facts in this matter.

Transwestern next argues that Oliver's opinion concerning the hypothetical imposition of a 525-foot setback requirement on the Transwestern pipeline is not reliable. The court concurs. Oliver's opinion that government imposition of a setback requirement on the Transwestern pipeline is a "virtual certainty" and that a "525 foot setback is the likely minimum that will ultimately be established" is pure speculation and is not based on Oliver's personal knowledge or experience.[10]

Transwestern further contends that Oliver's testimony is irrelevant because it does not address the remaining issues in this action, namely the fair market value of the 50-foot-wide easement and the existence and amount of severance damages. Defendants argue that Oliver's expert testimony is relevant because it relates to market perceptions, "that is, whether a potential purchaser of Enterprise Ranch in June 2008 would perceive a risk that the County would impose a setback requirement on any residential development of the project."[11] Defendants' argument is unpersuasive, because Oliver does not address market perceptions in his expert report. Because Oliver is not qualified as an expert by knowledge, skill, experience, training, or education, and his expert report and testimony based thereon are neither reliable nor

---

[10]Doc. 148-1 at pp. 3, 6.

[11]Doc. 152 at p. 11.

relevant, the court will exclude expert testimony by H. Pike Oliver. His expert report concerning severance damages will also be excluded.[12]

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 148 to exclude the testimony and expert report of H. Oliver Pike is **GRANTED**.

DATED this 6th day of April 2010.

                                        /s/ JOHN W. SEDWICK
                                  UNITED STATES DISTRICT JUDGE

---

[12] The report itself could be excluded as hearsay even if Pike were permitted to testify.